UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sherline Jones,

            Plaintiff,       Case No. 23-cv-10610

v.                                Judith E. Levy
                                United States District Judge

Winifred Verse-Barry,
                                Mag. Judge Curtis Ivy, Jr.

            Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND DISMISSING THE CASE WITHOUT PREJUDICE

On March 11, 2023, Plaintiff Sherline Jones, who is self-represented or *pro se*, signed (1) the complaint in this case against Defendant Winifred Verse-Barry (ECF No. 1) and (2) an application to proceed without prepaying fees or costs, which is referred to as an application to proceed *in forma pauperis*. (ECF No. 2.) The Clerk's Office received these documents on March 15, 2023 and entered them on the docket on March 16, 2023.

Regarding Plaintiff's application to proceed without prepaying fees or costs, federal courts "may authorize the commencement . . . of any suit,

action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). In her application, Plaintiff indicates that she is currently unemployed, has no income, and has no money in cash or in a checking or savings account. (*See* ECF No. 2, PageID.13–14.) She also indicates that her monthly expenses are approximately $1,832 and that she has student loans totaling $250,000. (*See id.* at PageID.14.) Based on this information, Plaintiff's monthly expenses exceed her income. Accordingly, Plaintiff satisfies the requirements under § 1915(a)(1), and her application to proceed without prepayment of fees is granted.

Because Plaintiff has been granted permission to proceed *in forma pauperis*, the Court must screen her complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff does not have counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally

construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The allegations in Plaintiff's complaint are unclear. Plaintiff appears to allege that Defendant, who might be a former coworker, told "lies" about Plaintiff that affected Plaintiff's employment at the "Ann Arbor VA" and her involvement in a church. (ECF No. 1, PageID.8.) The words "Defamation, Slander, Libel" appear at the top of the first page of a document attached to her form complaint. (*Id.*) Toward the bottom of the page, Plaintiff states that she has had "to file EEO cases and/or grievances from 2019 to present to make each of the wrong doers stop the harassment and hostile work environment." (*Id.*) On the next page of the attachment, Plaintiff states that "Lies and Rumors told by [Defendant] . . . caused [Plaintiff] to be harassed by famous preachers and suffer unfair treatment by those in the workplace that believed her lies." (*Id.* at PageID.9.) According to Plaintiff, the "lies" include that she "is a slacker," "steals supplies," "was caught drinking on the job," and "yells at her employees." (*Id.*) Plaintiff seeks monetary relief of at least $1,000,000 for

3

damages incurred from 2013 to 2023.[1] (*See id.* at PageID.5–6, 8.) Plaintiff also wants "a cease and desist order issued demanding that [Defendant] stop telling the damaging lies that have come at a tremendous cost to [her]." (*Id.* at PageID.9.)

The complaint is frivolous or subject to dismissal if it provides no basis for federal subject matter jurisdiction. *See Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of [the plaintiff's] complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction." (citing 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3))). Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). The Constitution and Congress have provided the federal courts with the authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *See Caterpillar*

---

[1] In her application to proceed without prepaying fees or costs, Plaintiff indicates that she is "currently unemployed due to the defendants [sic] actions." (ECF No. 2, PageID.13.) She also states that she is "behind on all" monthly expenses "due to the slander[,] lies[,] and defamation." (*Id.* at PageID.14.)

4

*Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction under 28 U.S.C. § 1331 arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Federal district courts have diversity jurisdiction in civil cases under 28 U.S.C. § 1332 "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "The Court is obligated to consider *sua sponte* in every action whether it has subject matter jurisdiction and to dismiss the action if it lacks subject matter jurisdiction." *Studstill v. Floyd-King*, No. 16-cv-12406, 2016 WL 3569414, at *1 (E.D. Mich. July 1, 2016) (citing *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); Fed. R. Civ. P. 12(h)(3)).

Even liberally construing Plaintiff's complaint "to encompass any allegation stating federal relief," *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotation marks and citation omitted), the Court is unable to discern a viable federal claim on the face of the complaint. Here, Plaintiff indicates that the basis for federal question jurisdiction is

5

"[u]under 28 U.S.C. § 1331." (ECF No. 1, PageID.4, 10.) However, "§ 1331, the Federal Question Statute, does not provide an independent basis for subject matter jurisdiction; § 1331 merely grants district courts jurisdiction to adjudicate claims arising under federal laws and statutes." *Barakat v. Gonzales*, No. 07-11579, 2007 WL 9751997, at *1 (E.D. Mich. Dec. 5, 2007) (citing *Shen v. Chertoff*, 494 F. Supp. 2d 592, 594 (E.D. Mich. 2007); *see Labaneya v. U.S. Citizenship & Immigr. Servs.*, 965 F. Supp. 2d 823, 826 (E.D. Mich. 2013) (Section 1331 "does not provide an independent source for subject matter jurisdiction.").

Moreover, Plaintiff fails to indicate in her complaint that federal question jurisdiction exists because she does not show that any of her possible claims—defamation, slander, libel, harassment, hostile work environment, or unfair treatment—arise under federal law. Plaintiff does not demonstrate that these claims stem from any federal statute or provision of the Constitution that she believes has been violated. In other words, "[n]othing in her Complaint suggests a basis for a federal claim over which this Court may properly exercise subject matter jurisdiction." *Smith v. United Way of Genesee Cnty.*, No. 16-cv-11320, 2016 WL 1615710, at *3 (E.D. Mich. Apr. 22, 2016) (citing *Campanella v.*

6

*Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir. 1998)). In addition, Plaintiff does not establish that the Court has diversity jurisdiction because she indicates that both she and Defendant are citizens of Michigan. (*See* ECF No. 1, PageID.4.) *See also V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) ("Under [28 U.S.C. § 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant.").

For the reasons set forth above, the Court does not have subject matter jurisdiction over this action. Accordingly, Plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE under § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).

IT IS SO ORDERED.

Dated: April 3, 2023      s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2023.

s/William Barkholz<br>
WILLIAM BARKHOLZ<br>
Case Manager

8